IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | * |
| | * **CRIMINAL NO.** |
| v. | * |
| | * (Bank Fraud, 18 U.S.C. § 1344; Aggravated |
| **TIMOTHY TRIFILO,** | * Identity Theft, 18 U.S.C. § 1028A; Failure to |
| | * File Tax Returns, 26 U.S.C. § 7203) |
| **Defendant** | * |

## INDICTMENT

The Grand Jury for the District of Columbia charges that:

## INTRODUCTION

At all times relevant to this Indictment, unless otherwise specified:

### The Defendant's Background and History

1.  Defendant Timothy Trifilo ("**TRIFILO**") resided in the District of Columbia. During at least the years 2012 through 2022, **TRIFILO** was a licensed Certified Public Accountant.

2.  **TRIFILO** earned a Bachelor of Business Administration and a Master of Business Administration in Finance. Since approximately 1994, **TRIFILO** worked in tax compliance for several large accounting and finance firms. Between in or around 1996 and in or around 2024, **TRIFILO** was a Partner or Managing Director at several tax firms where he specialized in transaction structuring and advisory services, tax compliance, and tax due diligence. At various times, **TRIFILO** was also an adjunct professor and taught a graduate-level course in taxation and real estate.

### Failure to File Tax Returns

3. For the years 2012 through 2021, **TRIFILO** had taxable income, including partnership income from various accounting firms, in the following approximate amounts:

| Year | Approximate Taxable Income |
|---|---|
| 2012 | $935,739 |
| 2013 | $752,813 |
| 2014 | $826,469 |
| 2015 | $948,252 |
| 2016 | $893,074 |
| 2017 | $636,051 |
| 2018 | $687,250 |
| 2019 | $633,318 |
| 2020 | $501,058 |
| 2021 | $947,023 |

4. For each of the years 2012 through 2021, **TRIFILO** earned sufficient income such that he was required to file an individual income tax return, such as a Form 1040, U.S Individual Income Tax Return, with the Internal Revenue Service ("IRS") on or before the due dates set by law. For each of these years, **TRIFILO** failed to file an individual income tax return on or before these due dates.

### Fraudulent Mortgage Documents

5. On or about February 10, 2023, **TRIFILO** submitted a Uniform Residential Loan Application to a mortgage company to secure a $1.36 million dollar loan to purchase a home in the District of Columbia. The mortgage loan was financed by a bank, Bank 1, which was insured by the Federal Deposit Insurance Corporation.

6. At the time he submitted the mortgage application, **TRIFILO** was employed by Accounting Firm 1.

7. After underwriters at the mortgage company reviewed **TRIFILO**'s IRS account transcripts and could not locate a record of him filing tax returns for 2020 or 2021, the underwriters contacted Bank 1, which advised that they would not fund the loan unless **TRIFILO** provided copies of his tax returns. Mortgage company employees conveyed this information to **TRIFILO**.

8. On or about February 23, 2023, **TRIFILO** provided the mortgage company with purported copies of his 2020 and 2021 Forms 1040. These returns purported to have been prepared by Person 1, who was identified on the returns as an employee of Accounting Firm 1. The returns were accompanied by cover letters on Accounting Firm 1's letterhead stating that Accounting Firm 1 prepared the returns.

9. In fact, while Person 1 was a former employee of Accounting Firm 1 who previously was a colleague of **TRIFILO's**, Person 1 did not work for Accounting Firm 1 at the time the returns were purportedly prepared and has never prepared tax returns for **TRIFILO** at any time. Further, no employees of Accounting Firm 1 have ever prepared tax returns for **TRIFILO**.

10. **TRIFILO** knew that neither Person 1 nor any other employee of Accounting Firm 1 had prepared the Forms 1040 for **TRIFILO** for 2020 and 2021 that he submitted to the mortgage company. Person 1 did not authorize **TRIFILO** to list Person 1's name as the tax return preparer on **TRIFILO's** 2020 and 2021 Forms 1040.

11. On or about February 23, 2023, **TRIFILO** provided the mortgage company with transmittal documents that purported to show that the 2020 and 2021 tax returns **TRIFILO** provided to the mortgage company had been filed with the IRS. These transmittal documents also purported to show that Person 1 had uploaded the tax returns for filing with the IRS. In fact,

3

**TRIFILO** knew that these returns had never been filed with the IRS and that Person 1 had not uploaded them for filing. **TRIFILO** fabricated the transmittal documents to make it appear to the mortgage company and Bank 1 that he had filed the tax returns, when, in fact, he knew he had not.

12. **TRIFILO** understood he would not be able to obtain the mortgage loan without providing proof he filed his tax returns for 2020 and 2021.

13. Based on **TRIFILO**'s false representations, including his submissions of the fabricated tax returns and transmittal documents, Bank 1 approved **TRIFILO** for the mortgage loan and **TRIFILO** purchased the house.

## COUNT ONE
## 18 U.S.C. § 1344
## (Bank Fraud)

14. The allegations of paragraphs 1 through 13 are realleged and incorporated herein as if set out in full herein.

15. Between on or about February 10, 2023 and on or about February 23, 2023, in the District of Columbia and elsewhere, the defendant,

**TIMOTHY TRIFILO,**

did knowingly and intentionally execute and attempt to execute a scheme to defraud a financial institution, to wit Bank 1, and to obtain money and property owned by, and under the custody and control of, such financial institution, by means of materially false or fraudulent pretenses, representations or promises, namely by the submission of false and fraudulent documents relating to his 2020 and 2021 individual income tax returns.

(In violation of Title 18, United States Code, Section 1344)

## COUNT TWO
## 18 U.S.C. § 1028A
### (Aggravated Identity Theft)

16. The allegations of paragraphs 5 through 13 are realleged and incorporated herein as if set out in full herein.

17. On or about February 23, 2023, in the District of Columbia and elsewhere, the defendant,

**TIMOTHY TRIFILO,**

did knowingly use, without lawful authority, a means of identification of another person, to wit the name of Person 1, during and in relation to a felony violation enumerated in 18 U.S.C. § 1028A(c), to wit bank fraud, knowing that the means of identification belonged to another actual person.

(In violation of Title 18, United States Code, Section 1028A)

## COUNTS THREE THROUGH SEVEN
## 26 U.S.C. § 7203
### (Failure to File a Tax Return)

18. The allegations of paragraphs 1 through 4 are realleged and incorporated herein as if set out in full herein.

19. During the calendar years set forth below, the defendant,

**TIMOTHY TRIFILO,**

had and received gross income in excess of the filing thresholds set by statute. By reason of such gross income, he was required by law, following the close of calendar years set forth below, and on or before the due dates set forth below, to make an income tax return to the Internal Revenue Service, stating specifically the items of his gross income and any deductions and credits to which he was entitled. Knowing and believing all of the foregoing, he did willfully fail, on or

5

about the due dates set forth below, in the District of Columbia and elsewhere, to make an income tax return.

| COUNT | CALENDAR YEAR | RETURN DUE DATE |
|---|---|---|
| 3 | 2017 | 4/17/18 |
| 4 | 2018 | 4/15/19 |
| 5 | 2019 | 7/17/20 |
| 6 | 2020 | 5/17/21 |
| 7 | 2021 | 4/15/22 |

(In violation of Title 26, United States Code, Section 7203)

## FORFEITURE ALLEGATION

The Grand Jury for the District of Columbia further finds that:

1. Pursuant to Fed. R. Crim. P. 32.2, notice is hereby given to the defendant that the United States will seek forfeiture as part of any sentence in accordance with 18 U.S.C. § 981(a)(l)(C), 18 U.S.C. § 982(a)(2)(A), 21 U.S.C. § 853, and 28 U.S.C. § 2461(c), in the event of the defendant's conviction on Count 1 of this Indictment.

2. Upon conviction of the offense set forth in Count 1 of this Indictment, the defendant, **TIMOTHY TRIFILO**, shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(l)(C) and 28 U.S.C. § 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to such violations, including, but not limited to, at least $1,360,000.00 in United States currency.

### Substitute Assets

4. If, as a result of any act or omission of the defendants, any such property subject to forfeiture:

   a. cannot be located upon the exercise of due diligence;

  b. has been transferred or sold to, or deposited with, a third person;

  c. has been placed beyond the jurisdiction of the Court;

  d. has been substantially diminished in value; or

  e. has been commingled with other property which cannot be divided without difficulty

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b)(1) and 28 U.S.C. § 2461(c), to seek forfeiture of any other property of said defendant up to the value of the forfeitable property.

18 U.S.C. § 981(a)(l)(C)
18 U.S.C. § 982(a)(2)(A)
21 U.S.C. § 853
28 U.S.C. § 2461(c)

                 _____
                 for David A. Hubbert
                 Deputy Assistant Attorney General
                 Department of Justice, Tax Division

A TRUE BILL:

_____      _____
Foreperson               Date